UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALFAR KYNWULF,

   Plaintiff,   : Case No. 2:24-cv-213
v.          Chief Judge Sarah D. Morrison
             Magistrate Judge Chelsey M.
             Vascura

MAUREEN CORCORAN, *et al.*,
             :
   Defendants.

## OPINION AND ORDER

  Alfar Kynwulf, proceeding *pro se*, filed this action against officials of the Ohio Department of Medicaid, the Ohio Department of Job and Family Services, the Butler County Department of Job and Family Services, and the Ohio Attorney General's Office. (Compl., ECF No. 2.) The suit arises from the denial of a religious exemption on his behalf from Ohio's Medicaid Estate Recovery provisions. (*Id.*) Following an initial screen of the Complaint, the Court dismissed all of Mr. Kynwulf's claims but one, allowing his claim under the First Amendment and 42 U.S.C. § 1983 to proceed. (ECF No. 11.)

  Now before the Court are three pending motions and two objections to Orders from the Magistrate Judge. Starting with the latter, Mr. Kynwulf's Objection to the Magistrate Judge's Order of September 4, 2024 (ECF No. 27) is **OVERRULED**. Mr. Kynwulf's Objection, in part, to the Magistrate Judge's Order of September 25, 2024 (ECF No. 32) is also **OVERRULED**.

The first pending motion (ECF No. 17) is Mr. Kynwulf's motion asking the Court to reconsider its denial of one of his previous motions for reconsideration. That motion is **DENIED**.

The second pending motion (ECF No. 19) is a Motion to Dismiss filed by Defendants Jamie Wilkinson, Katelynn Hart, and John and/or Jane Doe of the Butler County Department of Job and Family Services (collectively, the "Butler County Defendants"). This Motion to Dismiss is **HELD IN ABEYANCE**, as discussed below.

The third pending motion (ECF No. 33) is Mr. Kynwulf's motion seeking to compel the Court to issue a scheduling order pursuant to Federal Rule of Civil Procedure 16. That motion is **DENIED**.

**I.     STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

When evaluating a Rule 12(b)(6) motion to dismiss, courts must construe the complaint in the light most favorable to the plaintiff and accept the complaint's allegations as true, drawing all reasonable inferences in favor of the plaintiff. *Coley v. Lucas Cty., Ohio*, 799 F.3d 530, 537 (6th Cir. 2015); *Directv, Inc. v. Treesh,* 487

F.3d 471, 476 (6th Cir. 2007). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv*, at 476. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (internal citations and quotation marks omitted).

These standards also apply when the plaintiff is *pro se*. Although a *pro se* litigant is entitled to a liberal construction of his pleadings and filings, he still must do more than assert bare legal conclusions, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Every plaintiff, regardless of whether they have counsel, "must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

3

## II. ANALYSIS

To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the violation of a right secured by the federal Constitution or laws, and (2) show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

"Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior." *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012); *see generally Hardin v. Straub*, 954 F.2d 1193, 1999 (6th Cir. 1992) (explaining differences between official and individual capacity § 1983 suits). Personal liability "must be based on actions of that defendant" and "not based on any problems caused by the errors of others." *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991). And to plead a claim against a county, a plaintiff must plausibly allege that his constitutional deprivation occurred as a result of an official policy or custom. *See Smith v. City of Troy, Ohio*, 874 F.3d 938, 946 (6th Cir. 2017).

Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any

4

named defendant was involved in the violation of his rights); *Frazier v. Michigan,* 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

In this case, Mr. Kynwulf alleges that he asked Defendant Robert Byrne for a religious exemption and that Mr. Byrne denied his request. (Compl., ¶ 7.) He does not allege that he requested a religious exemption from any of the Butler County Defendants, nor does he allege that any of these Defendants were involved in the denial of his request for an exemption or the existence of a custom or policy that caused the denial of his exemption. Because Mr. Kynwulf's Complaint falls far short of the minimal pleading standards, his claim is subject to dismissal.

### III. LEAVE TO FILE AMENDED COMPLAINT

"Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon." *Neitzke v. Williams,* 490 U.S. 319, 329 (1989). Further, "*pro se* litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon,* 935 F.2d 1106, 1110 n.3 (10th Cir. 1991). Therefore, dismissal of a pro se plaintiff's complaint for failure to state a claim "is appropriate only where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [him] an opportunity to amend [his] complaint would be futile." *Whitney v. New Mexico,* 113 F.3d 1170, 1173 (10th Cir. 1997) (internal quotations omitted).

The Court will allow Mr. Kynwulf leave to amend his Complaint to give him an opportunity to allege sufficient factual matter that, if accepted as true, states a claim for relief as to his First Amendment claim related to his requested religious exemption. Because the Court is allowing Mr. Kynwulf to amend his Complaint, the pending Motion to Dismiss (ECF No. 19) will be **HELD IN ABEYANCE**, and Mr. Kynwulf's request for a Rule 16 scheduling order (ECF No. 33) is **DENIED**.

## IV. CONCLUSION

Mr. Kynwulf is **ORDERED** to file an Amended Complaint on or before **October 21, 2024**. The Butler County Defendants (and any other Defendants implicated therein) shall file their Answer or responsive pleading in accordance with the Federal Rules of Civil Procedure. If Mr. Kynwulf does not file an Amended Complaint by the noted deadline, the Court will *sua sponte* reconsider this Opinion and Order and grant the Motion to Dismiss.

Mr. Kynwulf's objections (ECF Nos. 27, 32) are **OVERRULED**. Mr. Kynwulf's motion for reconsideration (ECF No. 17) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**CHIEF UNITED STATES DISTRICT JUDGE**