UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALFAR KYNWULF,

        Plaintiff,       :    Case No. 2:24-cv-213
v.                              Chief Judge Sarah D. Morrison
                                     Magistrate Judge Chelsey M.
                                     Vascura

MAUREEN CORCORAN, *et al.*,
                                 :
        Defendants.

**OPINION AND ORDER**

Alfar Kynwulf filed this action after he was denied a religious exemption from the estate recovery provisions of Ohio Medicaid's Specialized Recovery Services program ("SRS Program"). After the Court performed an initial screen of Mr. Kynwulf's Complaint, his only remaining claim was under the First Amendment and 42 U.S.C. § 1983 alleging that Defendants denied his religious exemption requests so that he could remain in the SRS Program. (ECF No. 11.) Subsequently, Mr. Kynwulf filed an Amended Complaint. (Am. Compl., ECF No. 35.)

This matter is before the Court on the Motion to Dismiss filed by the remaining defendants – Maureen Corcoran, Matt Damschroder, Robert Byrne, Stephanie Freeman, Susan Lehman, John Fitzmaurice, and Jocelyn Lowe (collectively, the "State Defendants"). (ECF No. 44.) The Motion is fully briefed and ripe for decision.

I.   **Subject Matter Jurisdiction**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal when the court lacks subject matter jurisdiction. Subject matter jurisdiction is a threshold determination that a court must decide first.

"Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack "questions merely the sufficiency of the pleading[,]" so the trial court takes the allegations of the complaint as true. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016) (internal quotation marks omitted). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Id*. A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumption of truth applies to the factual allegations. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co., Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015). When subject matter jurisdiction is challenged, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

**A. Sovereign immunity limits the relief that Mr. Kynwulf can recover from Defendants in their official capacities.**

State Defendants first argue that they are immune from Mr. Kynwulf's § 1983 claim by virtue of the Eleventh Amendment. The Eleventh Amendment to the United States Constitution states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. The Eleventh Amendment bars an action against a state in federal court unless Congress has abrogated its sovereign immunity, or the state has expressly waived the immunity. *Virginia Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253–54, 131 S.Ct. 1632, 179 L.Ed.2d 675 (2011).

The Eleventh Amendment applies not only to suits brought against a state by a citizen of "another State" but also to suits brought by citizens against the state in which they reside. *See Kalyango v. Ohio Univ.*, No. 2:22-CV-2028, 2023 WL 2499867, at *14 (S.D. Ohio Mar. 14, 2023) (Marbley, J.) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890)). The same immunity applies to an instrumentality of the state, such as a state official sued in his or her official capacity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("[A] suit against a state official in his or her official capacity ... is no different from a suit against the State itself.") (citations omitted); *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005).

Lawsuits against state officials in their official capacity are suits against the officials' offices, not the officials themselves, and are therefore subject to being barred by sovereign immunity. *Puckett v. Lexington-Fayette Urban Cty. Gov't*, 833 F.3d 590, 598 (6th Cir. 2016). Sovereign immunity does not apply in three situations—1) when the state has consented to being sued, 2) when the *Ex parte Young* exception applies, and 3) when Congress has abrogated a state's immunity.

3

*Id*. The only exception applicable in this case is the *Ex parte Young* exception, which allows for a court to "issue prospective injunctive and declaratory relief compelling a state official to comply with federal law...." *S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008).

As to Mr. Kynwulf's claim against the State Defendants in their official capacities, sovereign immunity bars all but prospective injunctive or declaratory relief – prospectively, he seeks declarations that (1) he is entitled to a religious accommodation to be exempted from the estate recovery provisions of the SRS Program, (2) prohibiting Defendants from terminating him from the Medicare Advantage Plan and placing him in the SRS program unless he requests to be placed into the SRS program or he gets a religious waiver or exemption from the estate recovery provisions, and (3) requiring Defendants to implement a written policy addressing the process for religious accommodation requests. In all other respects, his official capacity claims seeking monetary damages and retroactive injunctive or declaratory relief are **DISMISSED**.

### B. Defendants Freeman, Lehman, Fitzmaurice, and Lowe are entitled to quasi-Judicial Immunity.

Administrative officials who act in a quasi-judicial nature are entitled to absolute immunity for claims against them. *See*, *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007) ("Judicial immunity is shorthand for the doctrine of absolute immunity that operates to protect judges and quasi-judicial officers alike from suit in both their official and individual capacities.") (citation omitted). Whether a non-judicial officer is entitled to quasi-judicial immunity depends on "the nature of the

4

function performed," rather than the "identity of the actor who performed it." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 268, 113 S.Ct. 2606, 2613 (1993)). State hearing officers are entitled to quasi-judicial immunity only when they are "subject to restraints comparable to those imposed by the Administrative Procedure Act and performing adjudicatory functions in resolving potentially heated controversies." *Purisch v. Tennessee Technological University*, 76 F.3d 1414, 1422 (6th Cir.1996) (quoting *Watts v. Burkhart*, 978 F.2d 269 (6th Cir.1992)).

To determine whether a public official is entitled to quasi-judicial immunity, the Court examines "the nature of the functions with which a particular official or class of officials has been lawfully entrusted," and "evaluate the effect that exposure to particular forms of liability would likely have on the appropriate exercise of those functions." *Flying Dog Brewery, LLP v. Mich. Liquor Control Comm'n*, 597 Fed. App'x 342, 348 (6th Cir. 2015) (quoting *Forrester*, 484 U.S. at 224). This requires a review of a non-exhaustive list of factors "characteristic of the judicial process" to determine whether a public official should be afforded quasi-judicial immunity:

> (a) the need to assure that the individual can perform his functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal.

*Id*. (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985)). Officials who seek "absolute exemption from personal liability for unconstitutional conduct must bear

the burden of showing that public policy requires an exemption of that scope." *Butz v. Economou*, 438 U.S. 478, 506 (1978).

Defendants Freeman, Lehman, Fitzmaurice, and Lowe are hearing officers with the State of Ohio; they have demonstrated that the *Cleavenger* factors support a finding that they are absolutely immune from Mr. Kynwulf's claim. His Amended Complaint does not allege that the hearing officers' actions were non-judicial, or that they acted in the complete absence of all jurisdiction. Rather, his allegations make clear that the hearing officers were acting in a quasi-judicial capacity. For example, Ms. Freeman conducted a State Hearing and issued a "State Hearing Determination," a determination with which Mr. Kynwulf disagreed. (See, Am. Comp. ¶¶ 13, 14.) When he appealed Ms. Freeman's decision, Ms. Lehman, Mr. Fitzmaurice, and Ms. Lowe were the hearing officers on his appeal; they issued a decision with which Mr. Kynwulf disagrees. (*Id.*, ¶ 15.)

Medicaid hearing officers need to be able to perform their functions without harassment or the threat of vexatious lawsuits against them. The hearing officers here are isolated from political influence and have no stake or involvement in cases they hear, and the Ohio Administrative Code provides criteria for their decisions. There are sufficient safeguards to protect Mr. Kynwulf's constitutional rights – Ohio law provides specific procedures for its hearings similar to the procedures at a trial. *See*, 42 C.F.R. §§ 431.240(a), 431.242, 431.244; Ohio Admin. Code §§ 5101:6-6-01, 5101:6-6-02, 5101:6-7-01(D). And Mr. Kynwulf can also file a Chapter 119 appeal

6

from an administrative agency to the Franklin County, Ohio Court of Common Pleas. Oho Rev. Code §§ 5101.35(C), (E).

Consequently, the hearing officer Defendants are entitled to absolute quasi-judicial immunity. Mr. Kynwulf's claim against them are **DISMISSED**.

## II.     Failure to State a Claim

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

When evaluating a Rule 12(b)(6) motion to dismiss, courts must construe the complaint in the light most favorable to the plaintiff and accept the complaint's allegations as true, drawing all reasonable inferences in favor of the plaintiff. *Coley v. Lucas Cty., Ohio*, 799 F.3d 530, 537 (6th Cir. 2015); *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv*, 487 F.3d at 476. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly,* 550 U.S. at 555).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

7

> plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

These standards also apply when the plaintiff is pro se. Although a pro se litigant is entitled to a liberal construction of his pleadings and filings, he still must do more than assert bare legal conclusions, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Every plaintiff, regardless of whether they have counsel, "must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

To state a claim under 42 U.S.C. § 1983, a plaintiff must show: (1) a violation of a right secured by the Constitution or laws of the United States, and that (2) the alleged violation was committed by a person acting under color of state law. *Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001) (citation omitted). To hold an individual defendant liable under § 1983, a plaintiff must allege "personal involvement" in the alleged unconstitutional conduct. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (personal involvement is required to incur personal

8

liability). When a person is named as a defendant without an allegation of specific conduct, even under the liberal construction afforded to *pro se* complaints, the complaint against that defendant is subject to dismissal. *Gilmore v. Corr. Corp. of Am.*, 92 F.App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff alleged only that the defendant violated his constitutional rights). Conclusory allegations of unconstitutional conduct are insufficient to state a § 1983 claim – a complaint must contain either direct or inferential factual allegations against individual defendants respecting the material elements of some viable legal theory to satisfy federal notice pleading requirements.

### A. Mr. Kynwulf failed to state a claim against Defendant Damschroder.

Mr. Kynwulf's allegations against Mr. Damschroder are based solely upon his position as Director of Ohio Department of Jobs and Family Services. The specific allegations against him are that he was copied on some emails and failed to act in response to Mr. Kynwulf's complaints. (*See* Am. Compl. ¶¶ 22-24.) But Mr. Kynwulf has not alleged how the Director of the Department of Jobs and Family Services is liable for alleged unconstitutional conduct by the Ohio Medicaid program. Defendant Damschroder is **DISMISSED**.

### B. Mr. Kynwulf failed to state a claim against Defendants Corcoran and Byrne.

To state a claim for relief under the Free Exercise Clause, Mr. Kynwulf must allege facts demonstrating the challenged action created a burden on the exercise of his religion. *United States v. Lee*, 455 U.S. 252, 256–57, 102 S.Ct. 1051, 1054–55, 71

9

L.Ed.2d 127 (1982). The First Amendment, as applied to the states through the Fourteenth Amendment, states that "Congress shall make no law ... prohibiting the free exercise [of religion.]" U.S. Const. Amend. 1.

A plaintiff states a claim that his exercise of religion is burdened if the challenged action is coercive or compulsory in nature. See *Lyng v. Northwest Indian Cemetery Protective Ass'n.*, 485 U.S. 439, 448–51, 108 S.Ct. 1319, 1324–27, 99 L.Ed.2d 534 (1988); *School Dist. of Abington*, 374 U.S. at 222, 83 S.Ct. at 1571–72; *Messiah Baptist Church v. Jefferson County*, 859 F.2d 820, 824 (10th Cir.1988), cert. denied, 490 U.S. 1005, 109 S.Ct. 1638, 104 L.Ed.2d 154 (1989). "'[T]he Free Exercise clause is written in terms of what the government cannot do to the individual, not in terms of what the individual can exact from the government.'" *Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 451, 108 S.Ct. 1319, 1326, 99 L.Ed.2d 534 (1988) (quoting *Sherbert v. Verner*, 374 U.S. 398, 412, 83 S.Ct. 1790, 1798, 10 L.Ed.2d 965 (1963) (Douglas, J. concurring)). Thus, even if a plaintiff can show that his sincerely-held religious beliefs have been somehow impacted by a governmental program, such an impact does not rise to the level of coercion if the plaintiff has an option of whether to participate in the program. *See, Lyng*, 448-51 ("We conclude that the fact [the plaintiff] had a choice whether or not to sing songs she believed infringed upon her exercise of religious freedom, with no adverse impact on her academic record, negates the element of coercion and therefore defeats her Free Exercise claim."). Therefore, to state a Free Exercise claim, Mr.

Kynwulf must allege facts showing that he was "coerced" into participating in the SRS Program. *Messiah Baptist Church*, 859 F.2d at 824. This he has failed to do.

Mr. Kynwulf's allegations do not raise a plausible conclusion that the SRS Program is a coercive program sufficient to state a claim under the Free Exercise Clause. He does not allege that the SRS program is mandatory – instead, he alleges that when he requested to be removed from the SRS program, he was removed. (Am. Compl. ¶ 8.) These allegations make clear that Medicaid's SRS Program neither compelled nor coerced Mr. Kynwulf such as to prevent him from continuing to practice his religion.

Instead, Mr. Kynwulf seeks to require Ohio Medicaid to conform its program to the tenets of his religion. However, although the Free Exercise Clause "protects, to a degree, an individual's right to practice [his] religion within the dictates of [his] conscience, it does not convene on an individual the right to dictate [that a governmental program] conform to [his] religion." *Bauchman*, 132 F.3 at 557. The Free Exercise Clause "is written in terms of what the government cannot do to the individual, not in terms of what the individual can exact from the government." Id. at 558 (citing *Lyng*, 485 U.S. at 451).

Accordingly, Mr. Kynwulf has failed to state a claim that his alleged religious practices were unconstitutionally burdened by Ohio Medicaid's SRS program. Defendants Corcoran and Byrne are **DISMISSED**.

### III. Conclusion

For the reasons set forth above, the State Defendants' Motion to Dismiss (ECF No. 44) is **GRANTED**. Mr. Kynwulf's Motion for Accommodation (ECF No. 31) is **DENIED** as moot.

The Clerk is **DIRECTED** to terminate this case on the docket.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
